IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KENYA DAVIS                                                                                                        PLAINTIFF

v.                                Civil No. 4:19-cv-04076

MR. WICK, Treatment, Southwest
Arkansas Community Correction Center
("SWACCC"); and SWACCC                                              DEFENDANT

## **ORDER**

Before the Court is Plaintiff's failure to obey a court order. Plaintiff Kenya Davis filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 3, 2019. (ECF No. 1). Plaintiff proceeds *pro se* and *in forma pauperis*. (ECF No. 3).

Upon review, Plaintiff's Complaint did not include any factual allegations. Consequently, the Court entered an order instructing Plaintiff to file an Amended Complaint by July 25, 2019. On July 31, 2019, Plaintiff filed an Amended Complaint. (ECF No. 6). However, Plaintiff did not complete Section V on page 3 of the section 1983 complaint form and again did not clearly state the basis of her claims against Defendant Wicks. (*Id.* at pp. 3, 7). On August 1, 2019, the Court entered an order directing Plaintiff to file a Second Amended Complaint by August 22, 2019. (ECF No. 7). The order informed Plaintiff that failure to file a Second Amended Complaint would subject this case to dismissal without prejudice for failure to obey a court order. (*Id.* at p. 2). To date, the Court's order directing Plaintiff to file a Second Amended Complaint has not been returned as undeliverable and Plaintiff has not responded.

Although *pro se* pleadings are to be liberally construed, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Moreover, the Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

The Federal Rules of Civil Procedure also specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey a court order. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of September 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge